# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN DOES 1-11,<br><br>                    Defendants. | Civil Action No.12-cv-0237 (RLW) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Combined Motion by Movant and putative Defendant John Doe (Comcast subscriber associated with IP Address 69.140.147.125) to: (1) Permit Defendant to Appear Anonymously; (2) Vacate Expedited Discovery Order; (3) Sever Defendants for Misjoinder; (4) Quash the Subpoena; or in the  Alternative, for (5) Protective Order. (Docket No. 7).

Plaintiff Malibu Media, LLC filed a complaint on February 10, 2012, alleging direct and contributory copyright infringement against 11 John Doe defendants.  (Docket No. 1).  The complaint alleges that the Doe defendants illegally downloaded Plaintiff's copyrighted pornographic film entitled "Rich Girl Part 2."  Id.  Plaintiff alleged that the actual names of the Doe defendants were unknown to the Plaintiff, and that each of the 11 Doe defendants was known only by his or her IP address, which was discovered by observing the IP addresses of the computers that entered the "BitTorrent swarm" used to download Plaintiff's copyrighted movie without authorization.  The Plaintiff also alleges that geolocation software was used to place these 11 IP addresses in this judicial district.  Shortly after filing its complaint, Plaintiff sought leave to take expedited discovery of the Doe defendants' Internet Service Providers

("ISPs") in order to learn the Doe defendants' true identities. (Docket No. 3). On April 11, 2012, the Court issued an Order (Docket No. 6) permitting Plaintiff to serve Rule 45 subpoenas on each of the Doe defendants' ISPs to obtain personal identifying information regarding each Doe defendant, including each Doe defendant's true name, address, telephone number, e-mail, address and Media Access Control ("MAC") address. Id. Plaintiff subsequently served a subpoena on Comcast Cable Holdings LLC on April 12, 2012. The Movant filed the instant motions on May 16, 2012. The Court has considered the full briefing on these motions and, for the reasons set forth below, the Court rules on these motions as follows.

With respect to the Movant's motion to proceed anonymously, Plaintiff has indicated that it does not object to the Movant proceeding anonymously for the purposes of the instant motion. Accordingly, the motion to proceed anonymously shall be GRANTED.

The motion to vacate the Court's April 11, 2012 Order granting leave to serve expedited discovery is DENIED. As the Court has concluded in its previous Memorandum Opinion and Order (Docket Nos. 5 & 6), the Plaintiff has established sufficient good cause to obtain the discovery it seeks on an expedited basis.

The Court finds that the motion to sever for misjoinder is not yet ripe. Therefore, this motion is DENIED without prejudice. The Movant may raise this issue with the Court if and when the Movant is named as a defendant in this case.

The motion to quash the subpoena is DENIED for the same reasons that the Court denies the motion to vacate the Order granting leave to take expedited discovery. The Court finds that Plaintiff has established good cause to seek the discovery sought in the third party subpoenas.

A district court may issue a protective order to limit public disclosure of discovery

materials upon a showing of good cause.  <u>EEOC v. Nat'l Children's Ctr., Inc.</u>, 98 F.3d 1406,

1411 (D.C. Cir. 1996).  In assessing good cause, a district court must exercise its discretion in

light of the relevant facts and circumstances of the case.  <u>Tavoulareas v. Washington Post</u>, 111

F.R.D. 653, 658 (D.D.C. 1986).  However, the party seeking a protective order bears the

burden of demonstrating "good cause" by showing a particular need, such as to protect "a party

or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R.

Civ. P. 26(c).

        The Movant has established sufficient good cause for issuance of a protective order in

this case.  Good cause exists under Rule 26(c) for entry of a protective order because the

Movant is a nonparty and, as a result, his or her privacy interests are even more acute than if he

or she were a party.  In addition, there is a reasonable likelihood that the Movant may have had

no involvement in the alleged illegal downloading that has been linked to his or her IP address.

<u>See</u> <u>In re BitTorrent Adult Film Copyright Infringement Cases</u>, Nos. 11-3995, 12-1147, 12-

1150, 12-1154, 2012 WL 1570765 * 4-5 (E.D.N.Y. May 1, 2012) (and cases cited therein).

Moreover, the Movant has made a strong showing that the specific allegation here—the illegal

downloading of pornographic material—would cause him or her undue embarrassment due to

the nature of the content of the copyrighted material.  Finally, there is little, if any, public

interest in the identity of the Movant, and the case does not involve the public health or

welfare.  <u>See</u> <u>Glenmede Trust Co. v. Thompson</u>, 56 F.3d 476, 483 (3d Cir. 1995).

        For the foregoing reasons, the motion for protective order is GRANTED.   It is hereby

ORDERED that Plaintiff and Comcast are prohibited from publicly disclosing the personal

identifying information of the Movant absent further order of the Court.  It is FURTHER

ORDERED that any document containing any personal identifying information of the Movant

3

shall be filed under seal absent further order of the Court.


SO ORDERED.

July 10, 2012                                    _____
                                                Robert L. Wilkins
                                                United States District Judge