**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 12-CV-0237 |
| | ) |
| JOHN DOES 1-11, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**DEFENDANT J. DOE'S (IP ADDRESS 68.32.163.95) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDDANT'S COMBINED MOTION TO PERMIT DEFENDANT TO APPEAR ANONYMOUSLY AND FOR A PROTECTIVE ORDER**

Defendant J. Doe, identified by Plaintiff as IP Address 68.32.163.95, by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of Defendant's Motion, requesting that this Court permit Defendant to proceed anonymously and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court to enter a Protective Order prohibiting any party from publicly disclosing any information relating to Defendant obtained via the Rule 45 subpoena, issued by Plaintiff Malibu Media, LLC (hereinafter "Plaintiff") to Defendant's Internet Service Provider ("ISP"), and requiring any pleadings filed in this action that contain Defendant's personal information to be redacted and filed under seal to prevent public disclosure.

I.      FACTUAL BACKGROUND

On or about February 10, 2012, Plaintiff filed its Complaint alleging that 11 defendants illegally downloaded Plaintiff's copyrighted pornographic film entitled *Rich Girl Part 2*. *See* Doc. No. 1.  Plaintiff alleges that Defendant illegally downloaded *Rich Girl Part 2* using

BitTorrent Software. On April 11, 2012, this Court issued an Order, *see* Doc. No. 6, permitting Plaintiff to serve a Rule 45 subpoena on each defendant's ISP demanding personal identifying information regarding each defendant, i.e. each defendant's name, address, telephone number, e-mail address, and media access controls address. On or about April 12, 2012, Plaintiff served Defendant's Internet Service Provider Comcast Cable Holdings LLC, ordering the ISP to produce Defendant's personal identifying information on or before May 28, 2012. On or about April 20, 2012, Defendant's ISP provided notice that they had received a subpoena demanding Defendant's personal identifying information. Pursuant to the Rule 45 subpoena and upon information and belief, Defendant's ISP provided Defendant's personal identifying information to Plaintiff as directed in the Court's Order.

## II.  INTRODUCTION

The nationwide initiation of mass copyright suits, predicated on this "swarm joinder" theory, filed by Plaintiff and other media companies seeking to profit under a questionable business model, is a predatory scam, void of any interest in actually litigating these copyright claims, and an abuse of the judicial system to prey on *pro se* litigants to negotiate quick settlements. Defendant notes that the Plaintiff has not named *a single Doe Defendant* in this case, consistent with Plaintiff's mode of operation nationwide in many of its copyright infringement claims against Doe defendants.[1]

---

[1] Plaintiff has filed thirteen (13) complaints in District Court of the District of Columbia, since Case No. 1:12-cv-237, alleging mass copyright infringement against over 100 John Doe Defendants, each of whom is defined only by an IP address. *Malibu Media, LLC v. John Does 1-16,* No. 1:12-cv-235 (D.D.C. Feb. 10, 2012); *Malibu Media, LLC v. John Does 1-11*, No. 1:12-cv-237 (D.D.C. Feb. 10, 2012); *Malibu Media, LLC v. John Does 1-5*, No. 1:12-cv-761 (D.D.C. May 13, 2012); *Malibu Media, LLC v. John Does 1-10*, No.1:12-cv-762 (D.D.C. May 13, 2012); *Malibu Media, LLC v. John Does 1-22*, No. 1:12-cv-763 (D.D.C. May 13, 2012); *Malibu Media, LLC v. John Does 1-14*, No. 1:12-cv-764 (D.D.C. May 13, 2012); *Malibu Media, LLC v. John Does 1-11*, No. 1:12-cv-765 (D.D.C. May 13, 2012); *Malibu Media, LLC v. John Does 1-15*, No. 1:12-cv-766 (D.D.C. May 13, 2012); *Malibu Media, LLC v. John Does 1-5*, No. 1:12-cv-972 (D.D.C. Jun. 14, 2012); *Malibu Media, LLC v. John Does 1-11*, No. 1:12-cv-1118

Multiple jurisdictions have taken note of the tactics taken by plaintiffs in BitTorrent cases and have come to consistent conclusions: media companies are using the courts as an inexpensive means to gain Doe Defendants' personal information to coerce payment from them. *See* Doc. 17 (and cases cited therein). Plaintiff, in the present case, equally seeks to take advantage of the threat of a massive award of statutory damages, attorneys fees, ignorance about defenses and, perhaps most importantly, the stigma which attaches to defendants when associated with illegally downloading pornographic films to coerce quick, and profitable contingency-fee settlements. Accordingly, a Protective Order should be issued to shelter Defendant from undue hardship, annoyance, embarrassment, and oppression.

As Defendant's arguments parallel claims previously set forth in co-defendant J. Doe's (IP Address 69.140.147.125) Motion to Quash, et al., *see* Doc. 7, Motion to Dismiss Pursuant to Rule 4(m), *see* Doc. 16, and Memorandum in Opposition to Plaintiff's Second Motion for Extension of Time, *see* Doc. 17, Defendant adopts and incorporates by reference herein said arguments previously presented to the Court.

III. LEGAL STANDARDS

A. DISCRETION TO PERMIT DEFEDENT TO APPEAR ANONYMOUSLY

Rule 5.1 requires that all parties filing pleadings and papers with the Court shall provide their name and full residence address, even if they are seeking to proceed anonymously. LCvR 5.1(e)(1). However, it is within the discretion of the district court to permit a party to proceed anonymously. *Yaman v. U.S. Dep't of State,* No. 10-00818 (JDB), 2011 WL 1837778, at *3 (D.D.C. May 16, 2011); *see United States v. Microsoft*, 56 F.3d 1448, 1464 (D.C. Cir. 1995). In

---

(D.D.C. Jul. 9, 2012); *Malibu Media, LLC v. John Does 1-7*, No. 1:12-cv-1119 (D.D.C. Jul. 9, 2012); *Malibu Media, LLC v. John Does 1-6*, No. 1:12-cv-1121 (D.D.C. Jul. 9, 2012).

exercising discretion, consideration may be given to the following factors to determine whether a party may be permitted to proceed anonymously: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; and (3) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

This Court has held in a similar case that it will "not consider any motion unless it is publicly filed" because, among other reasons, the Court "has no way to communicate with [those] individuals". *Openmind Solutions, Inc. v. Does 1-565*, No. 1:11-CV-1883 (D.C. Cir. Sep. 18, 2012). Notwithstanding the ability to contact Defendant through its undersigned counsel, this Court has received judicial notice of other District Court's decisions not to "assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers, *and innocent others caught up in the ISP net*" (emphasis added). *Hard Drive Productions, Inc. v. Does 1-90*, No. 5:11-CV-03825-HRL; *Hard Drive Productions, Inc. v. Does 1-1,495*, No. 1:11-CV-01741 (D. D.C. April 12, 2011) (noting the fact that ISPs will not allow a subscriber to open an account without the subscriber's personal information.).

B.  AUTHORITY TO ISSUE A PROTECTIVE ORDER

Fed. R. Civ. P. 26(c) provides that, "a party or person from whom discovery is sought may move for a protective order where the action is pending … "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .

specifying terms . . . for the disclosure [and] limiting the scope of disclosure . . . as to certain matters." Fed. R. Civ. P. 26(c)(1)(B) and (D).  The moving party must show that good cause exists for the particular need of the protective order, in light of the relevant facts and circumstances of the case. *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1411 (D.C. Cir. 1996); *Taboulareas v. Washington Post*, 111 F.R.D. 653, 658 (D.D.C. 1986).

Where the burden of the proposed disclosure outweighs the likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues, the court may limit the extent of disclosure otherwise allowed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(c)(1).  Additionally, if a case does not involve the public health or welfare, there is little, if any, public interest in the identity of the parties and a protective order may be issued. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).  Such protection comports with this Court's role as an impartial adjudicator of legal disputes and not "merely tools for encouraging and exacting settlements from Defendants cowed by the potential costs of litigation and liability." *Righthaven LLC v. Hill*, No. 1:11-cv-00211 (D. Colo. Apr. 7, 2011).

IV.   ARGUMENT

A. DEFENDANT SHOULD BE PERMITTED TO PROCEED ANONYMOUSLY IN ORDER TO AVOID UNDUE PREJUDICE

The factors set forth above support allowing Defendant to proceed anonymously under the designation of J. Doe's alleged IP Address: 68.32.163.95.

In consideration of the first factor, Defendant's request to appear anonymously is not intended "to merely avoid annoyance or criticism," but rather to "preserve privacy in a matter of a sensitive and highly personal nature."  Plaintiff initiated this lawsuit and served

5

Defendant's ISP with a subpoena seeking confidential and personal identifying information about Defendant. The personal identifying information requested connects Defendant to allegations of illegally downloading pornography without evidence justifying such a connection. At this time, the disclosure of Defendant's personal information in connection with illegally downloading pornography should be deemed extremely sensitive and highly personal in nature.

Next, and in consideration of the second factor, the identification of Defendant poses a substantial risk of harm to Defendant due to the highly sensitive and personal nature of the allegations involving pornography. Disclosure of Defendant's personal identifying information would not only cause irreparable mental harm to Defendant, but also unfairly jeopardize Defendant's reputation in Defendant's community and present employment. A conclusion that Defendant has no expectation of privacy simply because Defendant subscribes to an ISP is unfounded because ISPs will not allow a subscriber to open an account without the subscriber's personal information. Thus, to avoid undue prejudice, Defendant must be allowed to proceed anonymously.

Last, and paramount to all considerations, is the third factor. There is absolutely no risk of unfairness to Plaintiff if the action were to proceed without disclosure of Defendant's personal identifying information. In particular, Plaintiff will be able to respond fully to Defendant's forthcoming Motion for a Protective Order without publicly disclosing Defendant's identity. Conversely, Defendant will suffer irreparable harm if forced to disclose his/her identity before this forthcoming Motion for a Protective Order is adjudicated because the very information Defendant seeks to protect, his/her identifying information, will already be disclosed to the public.

B.  A PROTECTIVE ORDER SHOULD BE ENTERED PRECLUDING PUBLIC DISCLOSURE OF DEFENDANT'S CONFIDENTIAL INFORMATION

This Court has previously concluded that "there is a reasonable likelihood that the Movant may have had no involvement in the alleged illegal downloading that has been linked to his or her IP address." *See* Doc. 14 (referencing *In re BitTorrent Adult Film Copyright Infringement Cases*) (internal citations omitted).  Accordingly, a Protective Order prohibiting the public disclosure of any confidential information relating to Defendant that is obtained from Defendant's ISP through the Rule 45 subpoena is proper because if Plaintiff were permitted to make public its present claims against Defendant, without justification, it would be highly embarrassing to Defendant, indefensibly stigmatize Defendant, injure Defendant's character and reputation, and potentially jeopardize Defendant's employment.  Moreover, even after Defendant is able to demonstrate that Plaintiff's allegations in this suit are false, the embarrassment and reputational damage from Plaintiff's false public claim will persist.

By entering the requested protective order, however, the Court can prevent Defendant from being unjustly harmed and embarrassed by premature allegations of downloading illegal pornography without impairing Plaintiff's ability to obtain the requested information and otherwise litigate its case.  Further, as Defendant has not been individually named under his/her true identity, as a nonparty his/her privacy interests are even more acute than if he/she were a party.  Such Protective Order furthers an appropriate judicial role in a case like this, and would not prejudice Plaintiff's rights in any way.

V.    CONCLUSION

WHEREFORE, for the above stated reasons, Defendant J. Doe, identified by Plaintiff as IP Address 68.32.163.95, respectfully requests that this Honorable Court to permit Defendant to proceed anonymously and enter a Protective Order: (1) prohibiting the public disclosure of any information relating to Defendant obtained from Defendant's ISP through Plaintiff's Rule 45 subpoena without Defendant's consent or the Court's prior authorization; and (2) requiring any party filing a pleading in this action that contains or references any information relating to Defendant produced in response to the subpoena to redact that information from the version of the pleading that is publicly filed and file an unredacted version of the pleading with the Court under seal.

This, the 4th day of October, 2012.

Respectfully submitted,

S/ Erika R. Adams

_____

Erika R. Adams, Esq.
D.C. Bar No. 1008654
Johnson Law Group Intl., PLLC
1321 Pennsylvania Avenue, SE
Washington, DC 20003
Telephone:    202-544-1515
Fax:                866-446-3240
Email:            eadams@jlgi.com