UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIBU MEDIA, LLC,        )<br>                                              )<br>        Plaintiff,                        )<br>                                              )<br>v.                                           )<br>                                              )<br>JOHN DOES 1-11,                 )<br>                                              )<br>        Defendants.                  )<br>                                              ) | Civil Case No. 1:12-cv-00237-RLW |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT J. DOE'S (IP ADDRESS 68.32.163.95) MOTION TO DISMISS PURSUANT TO FRCP 4(m) [DKT. 33]**

Plaintiff respectfully requests the Court deny Defendant's motion. Plaintiff filed its Complaint on February 10, 2012. On April 11, 2012 this Court granted Plaintiff's motion for leave to serve third party subpoenas prior to a Rule 26(f) conference. Plaintiff issued the subpoena to Comcast on April 12, 2012. Defendant moved to quash the subpoena and appear anonymously on May 16, 2012. This Court issued its Memorandum Opinion and Order on July 10, 2012 denying Defendant's Motion to vacate the Court's April 11, 2012 Order, denying without prejudice Defendant's motion to sever for misjoinder and granting Defendant's motion for a protective order.

After this Court issued its Order, Plaintiff notified Comcast and requested the identifying information. Because of the delay in receiving the Comcast Does' identifying information, it was necessary for Plaintiff to obtain multiple extensions of time in order to effectuate service. Comcast eventually provided the identifying information for Doe Defendants 1, 2, 4, 6, and 7 under seal which Plaintiff received on September 17, 2012. See Declaration of Jon A. Hoppe, attached hereto as Exhibit A. Plaintiff notified the Court of this information in its Fourth Motion

1

for Extension of Time. "To date, Plaintiff has received the identities for all John Doe Defendants, with the exception of John Doe 3." See DKT. 30, ¶3. Plaintiff's Fourth Motion for Extension of Time was granted, and accordingly, Plaintiff has until October 18, 2012 to effectuate service. Plaintiff will not seek an additional extension of time if Comcast fails to comply by that date.

Contrary to Defendant's accusations, Plaintiff is not misleading the Court. When Plaintiff receives the identifying information of a Doe Defendant, Plaintiff immediately engages in its mandatory Rule 11 investigation before pursuing or dropping its claims against any particular Doe. Indeed, it takes time for Plaintiff to adequately investigate and respond to each unique set of circumstances. Assuming that it is proper to do so under Rule 11, Plaintiff serves the Defendants in order to further pursue its claims. See e.g. Malibu Media, LLC. v. Sohail Abrahimzadeh, 1:12-cv-01200-ESH (D.D.C. 2012). Alternatively, consistent with its legal rights, Plaintiff may settle with a Defendant prior to trial. Such pre-trial settlements were expressly upheld as proper by the Honorable Judge Howell of this Court.

> Upon receipt of the identifying information sought in the subpoenas, the plaintiff is entitled to seek settlement with these individuals, or decide that pursuing a lawsuit against particular defendants is no longer feasible or cost-effective. Either course selected by the plaintiff would give the copyright owner the opportunity to effectuate its statutorily protected rights and thereby serves our system of justice.

AF Holdings LLC v. Does 1-1,058, 83 Fed. R. Serv. 3d 10 (D.D.C. 2012). Judge Howell further explained that Plaintiff's choice in pursuing either litigation or settlement or dropping its claims "altogether is of no consequence to the Court." Id. Here, Plaintiff has not engaged in any improper conduct, has been honest with the Court, and should be allowed until October 18 to determine whether it will serve the Defendant.

WHEREFORE, Plaintiff respectfully requests this Court deny the subject motion and allow Plaintiff until October 18, 2012 to effectuate service per its Order of October 5, 2012. DKT. #31.

Dated: October 12, 2012

        Respectfully Submitted,

        By:  /s/ *Jon A. Hoppe*
        Jon A. Hoppe, Esquire #438866
        *Counsel for Plaintiff*
        Maddox, Hoppe, Hoofnagle &
            Hafey, L.L.C.
        1401 Mercantile Lane #105
        Largo, Maryland 20774
        (301) 341-2580

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By:  /s/ *Jon A. Hoppe*